The plaintiff, a religious corporation, seeks to restrain the defendant, Michael M. Kacsur, who has been its treasurer since 1933, from molesting the plaintiff in his occupancy of a dwelling house on the rear of the church property and from placing locks on the church door. It also asks that Kacsur be directed to turn over all books and records and account to the plaintiff. *Page 320 
The plaintiff was incorporated in 1917 under the provisions ofR.S. 16:1-1 et seq. From the time of its incorporation until the year 1946, no by-laws, rules or regulations were adopted by the plaintiff. Sometime prior to June 8, 1946, internal dissention developed among the church members. A meeting was held for the purpose of electing new officers. Twenty-two persons were present. A vote was taken which resulted in ousting the defendant, Kacsur, from the office of treasurer and electing one, Susan Balacs in his stead. Thereafter, Kacsur refused to relinquish the office contending that those who voted to oust him were not qualified to vote.
The parties concede that the provisions of R.S. 16:1-9 apply. If those who voted for the alleged new treasurer were qualified under the statute, the plaintiff would be entitled to the relief prayed for. R.S. 16:1-9 contains the following provision:
"Any person, twenty-one years of age, who is a regular attendant upon the services of such society or congregation, and not elsewhere, and who contributes regularly to its support, according to his engagements, as a pewholder or by subscription, may vote at such meeting, but not if he is disqualified from voting by any limitation, condition, restriction, or trust contained in the deed for the church site or other real estate owned, held or occupied by such society or congregation."
The deed for the church site, which is the only realty owned by the church, contains no limitation, condition, restriction or trust which would disqualify a person from voting.
According to the above act, three things must occur in order to qualify a person to be a voter at such election: first, he must be twenty-one years of age; second, he must be a regular attendant upon the services thereof and not elsewhere; and, third, he must be a regular contributor to the support of the church as a pewholder or by subscription. Applying this test to those who voted at the disputed meeting, it appears that very few of them were possessed of the three qualifications.
The minister, Michael M. Mateyka, was disqualified because he lacked the third qualification. *Page 321 
Some who voted were disqualified for the reason that they attended church services elsewhere. Among these were persons from Hastings-on-the-Hudson. Plaintiff attempted to show that the people from Hastings-on-the-Hudson who voted at the meeting were entitled to do so as members of the First Slovak Church of Christ of Bayonne. The attempt, however, lacked that probative force required to reach such a conclusion. The Hastings church was a separate congregation. True, it was established by the same minister, Mateyka, but its members were not in anyway connected with the church in Bayonne. The plaintiff's witness, Olga Skubik, testified that prior to 1946 the money collected in the Hastings church was not turned over to the Bayonne treasury and that out of eight members only three or four of them came to Bayonne once or twice a year. The statute requires one who votes to be a regular attendant upon the services of the society or congregation "and not elsewhere" and further that he be a regular contributor to the support of the church, etc. Prior to 1946, the members of the Bayonne church amortized a mortgage which was made in 1933 on the church realty. There was no proof that the people from Hastings-on-the-Hudson contributed in anyway toward such an amortization although that congregation was then in existence.
Others who voted at the meeting were disqualified for irregularity in attendance. It is not necessary here to determine how often a person must attend upon church services in order to be regarded as a regular attendant. It is sufficient to say that those who were members but had not attended services for years because of the distance they live from the church or because of a dispute with the minister and then return for the purpose of voting are not regular attendants. See People, ex rel. Osborn etal. v. Tuthill et al., 31 N.Y. 550, 560.
I have given the testimony produced in this case my most careful scrutiny. It is my opinion that only six of the twenty-two persons who voted at the meeting in dispute had the qualifications which are set forth in the statute above referred to. These are: Olga Skubik, Susan Balacs, Mary *Page 322 
Cheesar, George Kakalec, Mary Kakalec and Michael M. Kacsur. The first three named voted in favor of the new treasurer, Susan Balacs. The last three, whose qualifications are conceded by the plaintiff, voted against her. The election, therefore, resulted in a tie. The plaintiff is not entitled to prevail.
I shall sign a judgment in accordance with the foregoing views. *Page 323